UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:22-cv-1229

SEAN VASSEL,

        Plaintiff,

v.

LITTLETON AUTO REPAIR LLC, and KEN SCHOLL, an individual,

        Defendants.

## COMPLAINT

### INTRODUCTION

1. Plaintiff Sean Vassel ("Plaintiff") worked as a service writer for Littleton Auto Repair, LLC for approximately five months, from December 2, 2020, until April 16, 2021. His compensation consisted of three components: a flat rate of $850 per week ($170 a day), weekly commissions on a tiered basis, and a monthly earned bonus. There were several primary ways in which the way he was compensated violated the law – 1) it failed to pay him the third component of his compensation, i.e. his monthly bonuses earned bonuses, 2) it failed to pay him the final week of his pay, 3) it failed to pay him "overtime" when he worked more than 40 hours a week, and 4) it failed to abide by the state's requirements for meal and break time.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Littleton Auto Repair LLC and Ken Scholl, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq.* and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Orders") and then the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' business located at 9719 West Coal Mine Avenue, Unit P, Littleton, CO 80123, and one or more of the Defendants named herein resides in this district.

## PARTIES

**Defendant Littleton Auto Repair LLC**

6. Defendant **Littleton Auto Repair LLC** is a limited liability company doing business within Jefferson County, whose principal place of business is located at 9719 West Coal Mine Avenue, Unit P, Littleton, CO 80123. Its registered agent is listed with the Colorado Department of State as Kenneth Cameron Scholl with an address of 3192 Gold Yarrow Ln, Evergreen, CO 80439.

7. At all relevant times, Defendant Littleton Auto Repair had annual gross revenues in excess of $500,000.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

8. At all relevant times, Defendant Littleton Auto Repair was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. Upon information and belief Defendant Littleton Auto Repair purchases parts, supplies, equipment and other necessary items to run its auto shop and serve its customers from out of state vendors selling such supplies, and equipment originating outside the state of Colorado. Further, Defendant Littleton Auto Repair advertises its shop on the internet at https://www.littletonautorepairs.com. Defendant Littleton Auto Repair also accepts payments by credit cards and, upon information and belief, utilizes the phone and internet lines to conduct business activities such as scheduling appointments and transmitting payments.

10. At all times material to this action, Defendant Littleton Auto Repair was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Ken Scholl**

11. Defendant Ken Scholl, an individual, resides at 3192 Gold Yarrow Ln, Evergreen, Colorado 80439, Jefferson County, upon information and belief.

12. At all times material to this action, Defendant Scholl actively participated in the business of the LLC.

13. At all times material to this action, Defendant Scholl exercised substantial control over the functions of the company's employees including Plaintiff. For example, Defendant had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

14. At all times material to this action, Defendant Scholl was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA and CWCA.

**Plaintiff Sean Vassel**

15. Plaintiff Sean Vassel is a resident of Monument, Colorado.

16. Plaintiff Vassel worked as a service writer for Littleton Auto Repair, LLC for approximately five months, from December 2, 2020 until April 16, 2021.

17. At all times material to this action, Plaintiff Vassel was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

18. Plaintiff's primary supervisor was Ken Scholl.

19. His compensation consisted of three components: a flat rate of $850 per week ($170 a day) weekly commissions on a tiered basis, and a monthly earned bonus.

20. Defendants failed to pay him the third component of his compensation, i.e., his monthly earned bonuses.

21. Defendants failed to pay Plaintiff the final week of his pay.

22. Vassel estimates that generally, he worked approximately 60 hours per week.

23. While working in this capacity, Plaintiff Vassel was not expected to record time worked. Upon information and belief, Defendants are in possession of all employees' time records, including Plaintiff's.

24. Plaintiff Vassel typically started work at 7:00 AM and stopped work at 7:30 pm. He usually worked 5 days per week.

25. Thus, Defendants failed to pay Plaintiff at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

26. Defendants failed to provide meal and break time as required by state law.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

# LEGAL CLAIMS

## As And For A First Cause of Action:
## FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

27. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

### *Failure To Pay Time Overtime Properly*

28. Defendants failed to compensate Plaintiff at a rate of one and one-half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

### *Record-Keeping Failures*

29. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

30. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

31. At all relevant times, Defendants knew of the FLSA's requirements regarding overtime. In paying Plaintiff in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

32. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

33. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Vassel v. Littleton Auto Repair*
USDC, District of Colorado

Complaint
Page 5

more specifically 29 U.S.C. § 216(b).

## As And For A Second Cause of Action:
### COLORADO WAGE ACT VIOLATIONS

34. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

35. The Defendants were Plaintiff's "employer" as that term is defined by the COMPS. 7 C.C.R. 1103-1(1.6).

36. Plaintiff is Defendants' "employee" as that term is defined by the COMPS because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

*Failure to Pay Weekly Overtime Premiums*
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

37. Plaintiff worked more than 40 hours at least some workweeks.

38. Defendants did not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

39. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

40. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

41. Defendants violated the CWA as implemented by the COMPS, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Vassel v. Littleton Auto Repair*
USDC, District of Colorado

Complaint
Page 6

42. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

### *Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

43. Plaintiff has been separated from employment with Defendants.

44. Defendants have failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment.

45. Specifically, Defendants failed to pay him the third component of his compensation, i.e. his monthly earned bonuses.

46. Defendants also failed to pay Plaintiff the final week of his pay.

### *Denial of Mandatory Rest Periods*
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq.*, COMPS 7 C.C.R. 1103-1)**

47. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. COMPS 7 C.C.R. 1103-1(7).

48. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 10 minute duty-free paid rest breaks as specified by law. COMPS 7 C.C.R. 1103-1(8).

### *Failure to Pay Wages In Response to Wage Demand*
**(Violation of the C.R.S. § 8-6-109)**

49. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated June 14, 2021.

50. Defendant has not tendered any payment in response to this demand.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

51. In fact, Defendant made no response of any kind to this demand letter.

52. More than 14 days has elapsed since June 14, 2021.

53. Therefore, Defendant owes plaintiff statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

*Damages*

54. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the Colorado Wage Laws; and

(B) Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C) Award Plaintiff statutory damages as provided for the CWCA; and

(D) Award Plaintiff interest; and

(E) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(F) Award such other and further relief as this Court deems necessary and proper.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Vassel v. Littleton Auto Repair*
USDC, District of Colorado

Complaint
Page 8

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **18th** day of **May, 2022.**

A<small>NDERSON</small>D<small>ODSON</small>, P.C.

*[signature: Penn Dodson]*

**Penn A. Dodson**
*penn@andersondodson.com*
CO Bar Reg No. 54677
14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401
NY Bar No. 2738250
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 tel.

Attorneys for Plaintiff

A<small>NDERSON</small>D<small>ODSON</small>, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Vassel v. Littleton Auto Repair*
USDC, District of Colorado

Complaint
Page 9