IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 22-cv-1229-RMR

Sean Vassel,
    Plaintiff,

v.

Littleton Auto Repair LLC, and Ken Scholl, an individual,
    Defendants.

---

**ORDER**

---

This matter comes before the court on Plaintiff's Motion for Default Judgment, ECF No. 18 and Plaintiff's Supplement to Motion for Default Judgment, ECF No. 23. For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion for Default Judgment.

### I.     Factual Background

This is an action for recovery of unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the Colorado Wage Act ("CWA") § 8-4-101 *et seq.*, and the Colorado Minimum Wage Act ("CMWA"), § 8-6-101, *et seq.*, as implemented by the Wage Order. ECF No. 1, ¶¶ 27-53. Defendant Littleton Auto Repair, LLC ("Littleton Auto") is an auto repair shop and Colorado limited liability company. Defendant Kenneth Scholl is the registered agent and purported owner of Littleton Auto who hired Plaintiff in 2020. *Id.* ¶¶ 6, 11, 13-14.

Plaintiff worked as a service writer for Littleton Auto for approximately five months, from December 2, 2020 until April 16, 2021. *Id.* ¶ 16. Plaintiff typically worked five days a

week, from 7:00 AM to 7:30 PM. *Id.* ¶ 24. During his employment, Scholl was Plaintiff's primary supervisor and exercised substantial control over the functions of the company's employees, including Plaintiff. *Id.* ¶ 13. For example, Defendant Scholl had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules. *Id.*

Plaintiff contends that he was never paid his monthly earned bonuses, the final week of his pay, or his overtime pay for the weeks where he worked over 40 hours. *Id.* ¶¶ 20-25. Plaintiff also contends that Defendants failed to provide meal and break time as required by state law. *Id.* ¶ 26.

Plaintiff filed his complaint on May 18, 2022. ECF No. 1. Defendant did not answer or otherwise respond to the complaint. On August 29, 2022, the Clerk of Court entered default as to both Defendants. ECF Nos. 13, 14.

On April 18, 2023, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute, because eight months had passed since default was entered and Plaintiff had not requested default judgment. ECF No. 15. Thereafter, Plaintiff filed a Response to the Order to Show Cause and requested an extension of time until May 24, 2023 to file his motion for default judgment. ECF No. 16. The Court granted the extension, and on May 24, 2023, Plaintiff filed the Motion for Default Judgment, ECF No. 18. On November 16, 2023, the Court held a damages hearing on the Motion. ECF No. 22. At the hearing, the Court ordered Plaintiff to supplement the Motion for Default Judgment. Subsequently, Plaintiff filed the Supplement to the Motion for Default Judgment, which included Plaintiff's pay documents and calculations. ECF No. 23.

Plaintiff seeks default judgment against the Defendants, jointly and severally, and asks the Court to enter judgment awarding Plaintiff: (1) back pay under the FLSA and CWA in the amount of $17,832.92; (2) FLSA liquidated damages for overtime in the amount of $12,950.56; (3) CWA statutory penalties in the amount of $21,812.19; and (4) conversion damages in the amount of $35,665.84. ECF No. 23. For the following reasons, the Court finds that Plaintiff is entitled to default judgment, but not for the amount of damages Plaintiff seeks.

## II. Legal Standard

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Pursuant to Rule 55(b)(1), default judgment must be entered by the Clerk of Court if the claim is for "a sum certain." In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). However, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (internal quotation marks omitted).

Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting defendant and subject matter jurisdiction over the action. *See Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010) ("Personal jurisdiction over the defendant is required before a default judgment in a civil case may be entered"). Next, the Court should consider whether the well-pleaded allegations of fact—which are admitted by the defendant upon default—

support a judgment on the claims against the defaulting defendant. *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. Mar. 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment."). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id*. (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). The Court also accepts as true the undisputed facts alleged in affidavits and exhibits. *See Brill Gloria v. Sunlawn, Inc.*, No. 08-cv-00211-MSK-MEH, 2009 WL 416467, at *2 (D. Colo. Feb. 18, 2009); *Deery American Corp. v. Artco Equip. Sales, Inc.*, No. 06-cv-01684-EWN-CBS, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007).

### III.    Analysis

#### A.    Jurisdiction

The Court finds it has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. Additionally, Plaintiff's CWA and CMWA claims are so related to Plaintiff's FLSA claim that they form part of the same case or controversy. Accordingly, the Court finds that it has supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1367(a).

The Court also has personal jurisdiction over the Defendants. Each Defendant was properly served pursuant to Fed. R. Civ. P. 4. ECF Nos. 9, 10. Plaintiff alleges that Littleton Auto is a limited liability company incorporated in and with its principal place of business located in Colorado, and Defendant Ken Scholl is an individual domiciled in

4

Colorado. ECF No. 1 ¶¶ 6, 11. Plaintiff's allegations in the Complaint are sufficient to satisfy the Court that it may exercise personal jurisdiction over Defendants.

### B. Entitlement to Judgment

After an entry of default, the Court must decide "whether the unchallenged facts constitute a legitimate cause of action" such that a judgment should be entered. *Bixler*, 596 F.3d at 762 (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed.1998)). Accepting the well-pleaded allegations in the complaint as true, and for the reasons stated herein, the Court finds that the allegations support entry of default judgment against the Defendants.

### 1. Joint and Several Liability

Plaintiff alleges that both Littleton Auto and Scholl were his employers under the FLSA, CWA, and CWMA. Accordingly, Plaintiff seeks to hold Littleton Auto and Scholl jointly and severally liable for Plaintiff's unpaid wages.

The FLSA contemplates that an employee may have more than one employer, and in such instances the employers may be held jointly and severally liable. *See* 29 C.F.R. § 791.2 ("A single individual may stand [as an employee] to two or more employers at the same time under the Fair Labor Standards Act...."); *see also Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 66 (2d Cir. 2003) (collecting cases that permit claims against joint employers under the FLSA). As of 2020, Colorado has adopted the same approach. *See* Interpretive Notice and Formal Opinion #11A: Individual Liability Under the Colorado Wage Act (CWA) and Health Families and Workplaces Act (HFWA), reprinted in Section VII, 16A Colo. Prac., Employment Law & Practice Handbook ("For example, an employee

5

working as a mechanic at 'Smith's Auto Body' could bring a wage claim simultaneously against *both* the business and the owner who manages the business . . . . If an individual qualifies as an 'employer,' they are personally (*i.e.*, 'individually') liable … along with the business, for paying the *full amount owed* for any wage-and-hour violations, including any fines and penalties."). Thus, if both Littleton Auto and Scholl qualify as Plaintiff's employers, they will be held jointly and severally liable for Plaintiff's unpaid wages.

To determine whether an individual, such as Scholl, is Plaintiff's "employer" under the FLSA and Colorado wage laws[1], the Court considers four factors. *See Inniss v. Rocky Mountain Inventory, Inc.*, 385 F. Supp. 3d 1165, 1168 (D. Colo. 2019). Those factors are whether the alleged employer: (1) has the power to hire and fire the employee; (2) supervises and controls the employee's work schedule or conditions of employment; (3) determines the rate and method of payment; and (4) maintains employment records. *Id.* (citing *Robertson v. Bd. of Cnty. Comm'rs of Cnty. of Morgan*, 78 F. Supp. 2d 1142, 1151 (D. Colo. 1999)). "No one factor is dispositive, but instead a court must consider the economic realities and the circumstances of the whole activity." *Id.*

Here, Plaintiff has sufficiently alleged that Scholl was his employer. Scholl is the owner and manager of Littleton Auto and is the person who hired him, set his rate of pay

---

[1] The FLSA, CWA, and CMWA allow individuals to be considered "employers." An "employer" subject to the FLSA is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d). A "person" under the FLSA is defined as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a).  The CWA and CMWA mirror the FLSA's definition of employer. *See* Colo. Rev. Stat. § 8-4-101(6) (" 'Employer' has the same meaning as set forth in the [FLSA]");. Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1:1(2) (2019); COMPS Order #38, 7 Colo. Code Regs. § 1103-1:1(1.5)-(1.6) (2022).

and work schedule, and supervised and instructed him daily. ECF No. 1, ¶¶ 12, 13, 14; ECF No. 18-2, ¶ 5-7. Thus, the Court finds that Scholl is Plaintiff's employer and is jointly and severally liable with Littleton Auto for the violations complained of under the FLSA, CWA, and CMWA.

## 2. FLSA Violations

The FLSA provides covered workers[2] a guarantee of overtime payment for all hours worked in excess of forty in a given workweek. *See* 29 U.S.C. § 201, *et seq*. Specifically, an employee who is required to work more than forty hours per week shall "receive[ ] compensation for his employment in excess of the [forty hours] at a rate not less than one and one-half times the [promised wage]." 29 U.S.C. § 207(a)(1). In order to be eligible for overtime compensation, a plaintiff must show that he is entitled to the FLSA's protection. *Reagor*, 501 Fed. App'x. at 808 (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)).

To establish liability under the FLSA, a plaintiff must show that: (1) he was employed by the defendant during the relevant time; (2) in the plaintiff's work for the defendant, he was engaged in commerce or the production of goods for commerce, or he was employed by an enterprise engaged in commerce or the production of goods for commerce that had annual gross sales of at least $500,000; and (3) that the defendant failed to pay plaintiff overtime for all hours worked in excess of 40 hours in one or more

---

[2] Certain employees are exempt from FLSA, but "exemption under FLSA is an affirmative defense for which the employer bears the burden of proof." *Kenney v. Helix TCS, Inc.*, 284 F. Supp. 3d 1186, 1190 (D. Colo. 2018), *aff'd*, 939 F.3d 1106 (10th Cir. 2019) (citing *Dejesus v. HF Mgmt. Serv., LLC*, 726 F.3d 85, 91 n.7 (2nd Cir. 2013). Thus, the Court need not consider whether any exemption under FLSA applies here.

workweeks. *See Murphy v. AllStaff Homecare, LLC*, 2019 WL 4645440, at *3 (D. Colo. Sept. 24, 2019); 29 U.S.C. §§ 203(s)(1)(A)(ii), 206(a), 207(a).

Plaintiff alleges he was employed by Littleton Auto and its owner, Scholl. ECF No. 1 ¶¶ 10, 13; ECF No. 18-2 ¶¶ 3, 6. Plaintiff further alleges that Littleton Auto purchases parts, supplies, equipment, and other necessary items to run its auto shop and serve its customers from out of state vendors selling such supplies and equipment, with annual gross revenues in excess of $500,000. ECF No. 1 ¶¶ 6-9. Plaintiff also alleges that he worked over 40 hours a week, but never received overtime pay. ECF No. 1, ¶¶ 22, 24-25, 28; ECF No. 18-2 ¶¶ 10, 14, 17. Taking the well-pleaded allegations in the Complaint, ECF No. 1, and Plaintiff's Affidavit, ECF No. 18-2, as true, the Court finds that Plaintiff has sufficiently alleged that he worked, but was not properly compensated, for over 40 hours of work in one or more weeks.

### 3. CWA Violations

Plaintiff also alleges that he was not paid for his final two days of work or his vested bonuses for December, January, February, and March.

The CWA allows an employee "to sue his or her former employer for earned wages and other compensation the employer has refused to pay." *Lester v. Career Bldg. Acad.*, 338 P.3d 1054, 1058 (Colo. App. 2014); *see also* C.R.S. § 8-4-109. Under the CWA, "wages" or "compensation" are defined as all amounts earned, vested, and determinable which are owed to an employee for labor or service performed by that employee. *See* Colo. Rev. Stat. § 8-4-101(14)(a)(I). The definition of "wages" expressly includes, among other things, "[b]onuses or commissions earned for labor or services performed in

8

accordance with the terms of any agreement between an employer and employee." C.R.S. § 8-4-101(14)(a)(II). When an employee quits or resigns from employment, his "wages or compensation shall become due and payable upon the next regular payday." Colo. Rev. Stat. § 8-4-109(1)(b). If an employer refuses to pay the wages or compensation accordingly, "the employee ... may send a written demand for the payment." *Id.* § 8-4-109(3)(a). "If an employee's earned, vested, and determinable wages or compensation is not paid within fourteen days after the written demand is sent ... the employer shall be liable to the employee for the wages or compensation, and a penalty." *Id.* § 8-4-109(3)(b).

Plaintiff alleges that he was not paid his final two days of work or for the commission and bonuses earned for the services he performed. Plaintiff further alleges that he made written demand for payment, but Defendants nonetheless failed to compensate him. ECF No. 1, ¶ 49,51, ECF No. 18-2, ¶ 18, ECF No. 18-3. Finally, Plaintiff asserts that he earned, but was not paid his monthly bonuses for December, January, February, and March. ECF No. 18-2 ¶ 12; ECF No. 23 at 3-4. Accordingly, Plaintiff has established a claim under the CWA for unpaid wages. ECF No. 18-2, ¶¶ 11-12, 15, 16; ECF No. 23 at 4-5.

### C. CWMA Violations

The CWMA is implemented through Colorado Overtime and Minimum Pay Standards ("COMPS") Orders. Pursuant to the relevant COMPS Order, Colorado employers are required to provide nonexempt employees rest and meal breaks. *See* 7 CCR 1103-1 (2020-2021). The COMPS Order requires employers to provide nonexempt employees an uninterrupted, duty-free 30-minute meal periods for shifts over 5 hours and

a paid 10-minute break for each 4 hours of work, or major fractions thereof. 7 CCR 1103-1, Rules 5.1, 5.2. The Colorado Court of Appeals has held that the CMWA expressly authorizes a private right of action for rest period or meal break violations where the employee seeks to recover for the time he was entitled to receive, but the employer did not provide, a rest period or meal break. *See Pilmenstein v. Devereux Cleo Wallace*, 492 P.3d 1059, 1066 (Colo. App. 2021), *cert. denied*, No. 21SC425, 2021 WL 4943164 (Colo. Oct. 18, 2021).

Here, Plaintiff has alleged that he was not provided meal breaks or rest breaks at any time. ECF No. 1, ¶¶ 47-48; ECF No. 18-2 ¶¶ 13. This amounts to a 30-minute meal period and two 10-minute breaks. Thus, for every workday, Plaintiff is owed for another 50 minutes' worth of time.

### D.     Damages

Having determined that a default judgment should be entered, the Court must next determine the amount and character of Plaintiff's recovery. "A final default judgment cannot be entered against a party until the amount of damages has been ascertained." *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2692 at 465–66 (1983)). Actual proof must support any default judgment for money damages. *See Klapprott v. United States*, 335 U.S. 601, 611-12 (1949). Here, Plaintiff has provided an affidavit as well as pay stubs, his employment offer letter, and a spreadsheet of calculations to establish the amounts he is owed.

Additionally, Plaintiff alleges that Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff in violation of the FLSA. ECF No. 1 ¶ 29. *See* 29 U.S.C. § 211(c) (Employers are required to "make, keep, and preserve" records of their employees including "wages, hours, and other conditions and practices of employment."). An employer's compliance with section 211(c) "determines the burden of proof faced by a plaintiff in establishing the number of overtime hours worked." *McGrath v. Cent. Masonry Corp.*, No. 06–cv–00224, 2009 WL 3158131, at *6 (D.Colo. Sept. 29, 2009) (unpublished). "[W]hen an employer does not comply with section 211(c), a plaintiff need only meet the "just and reasonable inference" burden of proof." *Solis v. Melt Brands Stores, LLC*, No. 11-CV-00292-CMA-BNB, 2012 WL 364685, at *3 (D. Colo. Feb. 2, 2012).

Because Plaintiff alleges that Defendants did not comply with section 211(c), the Court finds that the lower burden of proof applies here. Based on the evidence presented, Plaintiff has satisfied the just and reasonable inference burden of proof. The Court calculates Plaintiff's damages as follows.

### 1. Back Pay

Plaintiff seeks back pay (consisting of unpaid bonuses, final wages, overtime, and meal and rest breaks) under the FLSA, CWA, and CWMA in the amount of $17,832.92.

#### a. Bonuses

Plaintiff's monthly bonuses were calculated according to the "Service Advisor Monthly Bonus Calculator." ECF No. 18-7 at 5; ECF No. 23 at 3. Based on the Service Advisor Monthly Bonus Calculator and the information extracted from Plaintiff's weekly

sales figures, he was entitled to a $100 bonus in December, a $600 bonus for January, a $983.33 bonus for February, and a $600 bonus for March. *See* ECF No. 23 at 3-4. Combining these figures, Plaintiff is entitled to $2,283.33 in unpaid bonuses.

### b.     Unpaid Final Wages

Plaintiff alleges he was not paid for his final two days of work – April 15 and 16, 2021. Plaintiff's base pay, per the Employment Agreement, comes out to $170 a day, thus Plaintiff is entitled to $340 for the two unpaid days of work. ECF No. 18-2 ¶ 15. Plaintiff was also entitled to commissions for these two days. Based on his prior pay checks, Plaintiff earned $9,512 in total weekly commissions. This divided by the 74 days for which he was paid is $128.54 per day. Accordingly, Plaintiff is entitled to $257.08 in commission for those two days. In sum, Plaintiff is entitled to $597.08 in unpaid wages.

### c.     Overtime

Under the FLSA, an employer must pay an employee overtime compensation at a rate not less than one and one-half times the regular rate at which the employee is employed for all hours that the employee works in a given week above 40 hours. 29 U.S.C. § 207(a)(1). "The 'regular rate' under the Act is a rate per hour." 29 C.F.R. § 778.109. In situations where employees are not paid on an hourly basis, "the overtime compensation due to employees must be computed on the basis of the hourly rate derived therefrom and, therefore, it is necessary to compute the regular hourly rate of such employees during each workweek." *Id.* Further, "[c]ommissions (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and must be included in the regular rate." 29

C.F.R. § 778.117. Thus, Plaintiff's "regular rate" is computed by adding all three components of his compensation and dividing that by 40 hours.

According to Plaintiff's paychecks from December 2, 2020 until April 6, 2021, he was paid in total $22,092.48 over 17.86 workweeks. As described above, he also should have been paid $597.08 for his final two days of work plus $2,283.33[3] in monthly bonuses, for a total of $24,972.89. This number, divided by 17.86 workweeks is $1,398.26 per week. That divided by 40 hours is $34.96 per hour, which becomes Plaintiff's "regular rate" for these purposes. $34.96 x 1.5 = $52.43, which is his overtime rate.

During Plaintiff's employment, the shop was open for ten hours a day Monday through Friday, eight hours a day on Saturdays, and was closed on Sundays. ECF No. 18-7 at 1. Plaintiff was expected to be present and ready to work during all open hours of the days he was scheduled to work, plus time before to set up and often late to perform work after the shop closed, averaging twelve-hour days on Monday through Friday. ECF No. 18-2 ¶ 10. Using the base pay identified in the paystubs as an indication of days worked (dividing base pay by $170 to ascertain days worked), there were eleven weeks in which he worked five days/week, two weeks in which he worked four days/week, and one week in which he worked six days/week. The rest of the time, Plaintiff worked two to three days a week, which would not lend itself to overtime. Based on Plaintiff's allegations, for the eleven weeks he worked five days/week, he had 16 hours of overtime/week,

---

[3] The Court notes that in the Motion, Plaintiff apparently had a typographical error in the calculations, wherein he calculates $2,183.33 instead of $2,283.33. Thus, Plaintiff's ultimate calculation is incorrect, and the Court has calculated it based on the correct amount.

totaling 176 hours of overtime. For the two weeks he worked four days/week, he had 4 hours of overtime/week, totaling 8 hours of overtime[4]. For the one week he worked six days/week, he had 28 hours of overtime. In total, Plaintiff worked 188 hours of overtime. 188 hours x $52.43 = $9,866.24.

### d.     Break and Meal Time

Finally, pursuant to Colorado law, Plaintiff is entitled to missed pay for break and meal time. As described above, Plaintiff's hourly rate is $34.96 per hour[5]. $34.96 x 5/6 hour x 76[6] workdays = $2,214.13.

In sum, Plaintiff is entitled to a total of $14,960.78 in back pay.

### 2.     Liquidated Damages

Under the FLSA, Plaintiff is entitled to liquidated damages in the amount of unpaid overtime compensation. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). Because Plaintiff is entitled to $9,866.24 for Defendants' violation of section 207 of the FLSA, Plaintiff is also entitled to $9,866.24 in liquidated damages.

---

[4] Plaintiff has improperly calculated the 4 hours of overtime/week at 11 weeks rather than 2 weeks, resulting in an inflated number. ECF No. 23 at 6. The Court has calculated this correctly and the total amount of overtime has been reduced accordingly.

[5] Plaintiff has calculated the rate at which he should be compensated for missed meal and rest times at 1.5x his regular rate. The Court finds no support for using the 1.5x rate when calculating missed meal and rest times. Thus, the Court calculates the missed meal and rest times based on Plaintiff's regular hourly rate.

[6] Plaintiff calculates 46 days of work total, however, this appears to be a typographical error. The correct amount of total days worked is 76 days.

### 3. Colorado Statutory Penalties

Plaintiff also seeks statutory penalties under C.R.S. § 8-4-109(3). Plaintiff is entitled to recover both FLSA liquidated damages and CWA statutory penalties. *See Evans v. Loveland Auto. Invs., Inc.*, 632 F. App'x 496, 498 (10th Cir. 2015) (collecting cases) (concluding that "an award of both a state statutory penalty and FLSA liquidated damages does not constitute a double recovery.").

Pursuant to C.R.S. § 8-4-109(3)(b),[7] if an employee is not paid his earned, vested and determinable wages or compensation within fourteen days after sending a written demand, the employer is liable for the wages plus a penalty. Wages or compensation include all amounts for labor or service performed by employees under a contract, as long as the labor was performed personally by the person demanding payment. § 8–4–101(14)(a)(I). The penalty is "the sum of ... [o]ne hundred twenty-five percent of that amount of such wages or compensation up to and including seven thousand five hundred dollars; and [f]ifty percent of that amount of such wages or compensation that exceed seven thousand five hundred dollars." C.R.S. § 8-4-109(3)(b)(I)-(II). These penalties are increased by fifty percent "[i]f the employee can show that the employer's failure to pay is willful . . . ." *Id*., § 8-4-109(3)(c).

Plaintiff properly issued a demand letter, and Defendants failed to pay. Accordingly, Plaintiff is entitled to statutory damages on the total compensation owed to Plaintiff: $14,960.78. Plaintiff is entitled to 125% of the first $7,500 (1.25 x $7,500 =

---

[7] The statute was amended in 2023. However, because Plaintiff sent his wage demand letter prior to the 2023 amendments, the Court applies the prior version of the statute to calculate Plaintiff's statutory damages.

15

$9,375), and 50% of the remaining amount (($14,960.78 - $7,500 = $6,586.78) x 0.5 = $3,730.39). Together, this amounts to a statutory penalty of $13,105,39.

Plaintiff asserts that Defendants willfully failed to pay him. In order to impose a penalty, a trial court must find from the evidence that the employer willfully withheld compensation due and owing the employee. *See Cortez v. Brokaw*, 632 P.2d 635 (Colo. App. 1981). Although Plaintiff has alleged willfulness, the Court does not find evidence of willful withholding sufficient to impose this penalty. *See Fracasse v. Ablaze Energy*, No. 15-CV-2192-WJM-NYW, 2016 WL 8577551, at *7 (D. Colo. July 1, 2016) (finding Defendant willfully failed to pay Plaintiff based on evidence "of text messages from Defendant in which Defendant acknowledges receiving Plaintiff's expense reports and asserts that payment for these 'expenses' is 'at [Defendant's] discretion.'") The Court finds insufficient proof of willfulness and therefore will not impose the additional penalty.

    **4.    Conversion**

Plaintiff also seeks conversion damages for the first time in his Supplement to the Motion for Default Judgment. *See* ECF No. 23 at 8. Plaintiff does not provide any source for the assertion that Plaintiff is entitled to treble damages plus fees and costs. Further, there are no allegations supporting conversion in the Complaint or subsequent Motion for Default Judgment. Accordingly, the Court will not impose conversion damages.

Given all of the calculations described above, Plaintiff is entitled to a total of $37,932.41.

## IV.     Conclusion

Accordingly, it is **ORDERED** that:

1) Plaintiff's Motion for Default Judgment, ECF No. 18, as supplemented by the Supplement to Motion for Default Judgment, ECF No. 23, is **GRANTED**;

2) The Clerk shall enter judgment in favor of Plaintiff and against Defendants in the amount of $37,932.41, with post-judgment interest at the federal statutory rate;

3) Plaintiff shall be awarded costs upon filing a bill of costs pursuant to D.C.COLO.LCivR 54.1.

DATED:  February 21, 2024

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge